# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60818
Summary Calendar

LAKE CHARLES FOOD PRODUCTS, L.L.C.; AMERICAN LONGSHORE MUTUAL ASSOCIATION, LTD.,

Petitioners,

v.

LARRY BROUSSARD; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR

Respondents.

On Petition for Review of an Order
of the Benefits Review Board
BRB No. 07-0153

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioners Lake Charles Food Products, L.L.C. ("LCFP") and American Longshore Mutual Association, Ltd. ("ALMA") petition this court for review of the Benefits Review Board's decision affirming an administrative law judge's award of benefits to Respondent Larry Broussard. For the reasons set forth below, we deny the petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts and Proceedings

Larry Broussard injured his right hip, leg, elbow, and lower back on October 30, 2003, when he was struck by a forklift while working as a warehouse foreman. LCFP paid Broussard temporary total disability benefits from October 31, 2003 to May 26, 2005, at which time the company stopped making voluntary payments on the ground that a May 29, 2004 automobile accident involving Broussard constituted a supervening cause of his disability. Broussard filed for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 ("LHWCA"). The administrative law judge ("ALJ") found that the May 2004 accident was not a supervening cause of Broussard's disability and awarded him benefits, including temporary total disability compensation and payment for all future reasonable medical care arising from his work-related injury.

The Benefits Review Board ("BRB") affirmed the award. In their petition for review of the BRB's decision, LCFP and ALMA argue that the May 2004 accident was a supervening cause of Broussard's disability, that the BRB erred in affirming the ALJ's "erroneous interpretation and application" of the legal standard governing what constitutes a supervening cause relieving an employer of liability under the LHWCA, and that the BRB erred in finding that the ALJ's award was supported by substantial evidence. LCFP and ALMA also argue that under any standard, the increase in back pain Broussard experienced after the May 2004 automobile accident precluded the ALJ's finding that the accident was not a supervening cause of his disability.

## II. Standard of Review

We review the decision of the BRB de novo. Sketoe v. Exxon Co., USA, 188 F.3d 596, 597 (5th Cir. 1999). "Our review of the [BRB's decision] is limited in scope to considering errors of law and making certain that the BRB adhered to its statutory standard of review of factual determinations, that is, whether the ALJ's findings of fact are supported by substantial evidence and [are] consistent

with the law." Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 287 (5th Cir. 2003) (citation and internal quotation marks omitted). We may not substitute our judgment for that of the ALJ, nor may we reweigh or reappraise the evidence; instead, we inquire whether there was substantial evidence supporting the ALJ's factual findings. Louisiana Ins. Guar. Ass'n v. Bunol, 211 F.3d 294, 296 (5th Cir. 2000). "Substantial evidence is evidence that a 'reasonable mind might accept as adequate to support a conclusion.'" Hall v. Consol. Employment Sys., Inc., 139 F.3d 1025, 1029 (5th Cir. 1998) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The requirement of substantial evidence is less demanding than that of preponderance of the evidence, and the ALJ's decision need not constitute the sole inference that can be drawn from the facts." Id. (citation and internal quotation marks omitted).

## III. Discussion

"Generally, the idea of proximate cause, as applied in tort law, does not apply to the LHWCA." Shell Offshore, Inc. v. Director, OWCP, 122 F.3d 312, 316 (5th Cir. 1997). "With only a few exceptions, the court's function is at an end once causation in fact has been established." Id. One such exception arises "when the claimed injury has a supervening, independent cause." Id. In this case, LCFP and ALMA assert that Broussard's May 2004 automobile accident was a supervening cause of his disability that relieved them from further liability.

As both the ALJ and the BRB recognized, and as we have previously observed, "some tension" exists between the standards of supervening causation articulated in Voris v. Texas Employers Ins. Ass'n, 190 F.2d 929 (5th Cir. 1951), and in Mississippi Coast Marine, Inc. v. Bosarge, 637 F.2d 994, modified on other grounds and reh'g denied, 657 F.2d 665 (5th Cir. 1981). See Bludworth Shipyard, Inc. v. Lira, 700 F.2d 1046, 1050–51 (5th Cir. 1983) (recognizing "some tension" between the two cases). In Voris, a panel of this court held that a

supervening cause is an "influence[] originating entirely outside the employment" that "overpowered and nullified" the causal effect of the employment on the claimant's injury. Id. at 934. In Bosarge, a subsequent panel stated, without discussing Voris, that "[a] subsequent injury is compensable if it is the direct and natural result of a compensable primary injury, as long as the subsequent progression of the condition is not shown to have been worsened by an independent cause." Bosarge, 637 F.2d at 1000.

Because "[t]he rule in this Circuit is that only an en banc court can overrule or change what a previous panel has held," Shell Offshore, 122 F.3d at 316, Voris controls to the extent it conflicts with Bosarge on the facts of this case. However, as in Shell Offshore, "[w]e need not decide which standard is the operative one and we affirm [Broussard's] award because the facts in this record do not meet either standard for supervening cause." Id. During the hearing before the ALJ, Broussard submitted the deposition testimony of Dr. Michel Heard, a board-certified orthopedic surgeon, that magnetic resonance imaging ("MRI") scans taken before and after the May 2004 accident showed no objective worsening of Broussard's back injury. Likewise, Broussard submitted an October 21, 2005 report in which Dr. Mark McDonnell opined that Broussard's "low back" was not "substantially changed by the automobile accident." Broussard also testified that although a lumbar epidural steroid injection he received about a month before the automobile accident temporarily improved his condition, his back pain returned well before the accident occurred. The ALJ found Broussard to be a credible witness but did not credit the testimony of Dr. Walter Foster, LCFP's and ALMA's only witness at the hearing, because his opinion that Broussard's continuing disability was attributable to the automobile accident was premised on a fundamental misunderstanding of the relevant facts—specifically, Dr. Foster erroneously believed that Dr. Heard had released Broussard for a functional capacity evaluation and a work hardening program before the accident.

In light of this testimony, the BRB did not err in concluding that the record contains substantial evidence supporting the ALJ's conclusion that the May 2004 accident neither "overpowered and nullified" Broussard's workplace injury nor worsened his disability in a legally significant way. The fact that Broussard experienced additional back pain following the automobile accident does not change this result—as the BRB observed, substantial evidence supports the ALJ's conclusion that Broussard was "totally disabled before the [automobile accident] and in need of conservative treatment, and the same disability and treatment continued after the [accident]."

## IV. Conclusion

We DENY the petition for review of the Benefits Review Board's decision.